IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| LATRESHA DIXON BAKER, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 5:10CV00194 SWW |
| | * |
| MICHAEL J. ASTRUE, | * |
| Commissioner of Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**Memorandum Opinion and Order**

Plaintiff Latresha Dixon Baker ("Baker") brings this action for review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"). For the reasons that follow, the decision of the Administrative Law Judges ("ALJ") is affirmed.

**I. Procedural History**

Plaintiff Baker filed her application for SSI on September 27, 2007. She alleged disability since February 1, 2006, due to diabetes and heart problems.[1] (Tr. 73) After the Commissioner denied her application initially and upon reconsideration, Baker requested a hearing before an ALJ. The ALJ held a hearing on April 16, 2009, and Baker appeared with her attorney. (Tr. 27-68)

---

[1] Although Baker alleged disability since February 1, 2006, SSI benefits may not be granted prior to a claimant's application filing date. *See* 42 U.S.C. §1382(c)(7); *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989). Baker protectively filed her application for disability on September 27, 2007. Thus, the relevant time period began September 27, 2007.

At the time of the hearing, Baker was a 33-year-old with a general equivalency diploma (GED). She later obtained a certificate as a nurse's assistant. (Tr. 17, 35-36) She was 5'5" and weighed 325 pounds. (Tr. 47) Baker has three children, ages 10, 16, and 18. (Tr. 42)

On August 27, 2009, the ALJ issued a decision denying Baker benefits. (Tr. 9-19) On September 10, 2009, Baker requested a review of the ALJ's decision, and on February 8, 2010, Baker submitted new evidence to the Appeals Council. The new evidence was dated between March 12, 2009, and December 21, 2009. On May 5, 2010, the Appeals Council denied Baker's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5) Baker filed her complaint for review in this Court on July 1, 2010.

## II.  Decision of the Administrative Law Judge

The ALJ followed the required five-step sequential evaluation process to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §416.920(a) - (g).

The ALJ determined that Baker had not engaged in substantial gainful activity since the onset of her alleged disability. (Tr. 11) Her diabetes, heart failure, hypertension, and obesity were deemed severe impairments. (Tr. 11-12) According to the ALJ, Baker did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13) The ALJ found Baker could not perform any past relevant work

but that she had the residual functional capacity to perform sedentary work subject to certain limitations (Tr. 13-17) Using the Medical-Vocational Guidelines, the ALJ found that Baker was not disabled under the Act. (Tr. 17)

**III. Analysis**

    A. Standard of Review

This Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir.1997); *see also,* 42 U.S.C. § 405(g).

> 'Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a decision.' However, our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision.' Nevertheless, as long as there is substantial evidence in the record to support the Commissioner's decision, we will not reverse it simply because substantial evidence would have supported a different outcome, or 'because we would have decided the case differently.'

*Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001)(internal citations omitted).

    B. Plaintiff's Argument

Baker argues the Commissioner erred by not considering new evidence she submitted to the Appeals Council and by not obtaining an updated medical opinion after being presented with the new evidence that could have changed the ALJ's decision. She also argues the ALJ did not comply with 20 C.F.R. §416.927 when he failed to accord adequate weight to the opinion of Baker's treating physician. The Commissioner responds that the Appeals Council properly considered the evidence

of record, and substantial evidence supports the ALJ's decision. Further, the Commissioner responds that the ALJ properly considered the medical opinion evidence of record.

C. New Evidence Submitted to the Appeals Council

Baker contends the Commissioner committed reversible error by failing to comply with 20 C.F.R. § 404.970(b)[2] regarding new and material evidence submitted to the Appeals Council. The Appeals Council acknowledged receiving the additional evidence and added it to the record. (AR 1-5) The Appeals Council stated it considered the additional information Baker submitted but found it did "not provide a basis for changing" the ALJ's decision. (AR 1-3) The Appeals Council specifically referred to the new evidence in an attachment to its order. (AR 4-5)

In *Lamp v. Astrue*, 531 F.3d 629 (8th Cir. 2008), the Eighth Circuit remanded a case where it was unclear from the record whether the Appeals Council considered new and material evidence submitted after the ALJ's decision. Here, the Appeals Council clearly stated that it considered the additional evidence. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006)(where Appeals Council indicated it had considered the new evidence and referenced what new evidence it had received, Appeals Council adequately considered the additional evidence, "meaning that it 'evaluate[d] the entire record including the new and material evidence submitted,' 20 C.F.R. § 404.970(b).") The Court finds the Appeals Council complied with 20 C.F.R. § 404.970(b).

---

[2]20 C.F.R. § 404.970(b) provides:
If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Baker also argues that the Appeals Council erred by failing to obtain an updated medical opinion from a medical expert as required by Social Security Regulation 96-6p. She points out that no state agency medical examiner had reviewed her situation since December 14, 2007, and asserts the Appeals Council should have determined, based on the new evidence, that an updated medical exam was necessary. SSR 96-6p provides that the Appeals Council must update the medical opinion of an expert "when additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." SSR 96-6p. The Appeals Council made no such finding. Rather, the Appeals Council found no basis for changing the ALJ's decision that plaintiff's condition did not meet or equal a listing. (TR 1-2, 11-13).

Where the Appeals Council considers new evidence but denies review, the proper inquiry is not whether the Appeals Council properly denied review but whether the record as a whole, including the new evidence, supports the ALJ's determination. *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). First, the Court determines whether the evidence submitted to the ALJ supports the administrative decision. *Browning v. Sullivan*, 958 F.2d 817, 820 (8th Cir. 1992). If that evidence supports the ALJ's decision, the Court then considers whether additional evidence submitted to the Appeals Council overcomes the Court's conclusion that substantial evidence supports the ALJ's final decision. *Id*. at 823.

D. Treating Physician's Opinion

Baker alleges that the ALJ failed to accord adequate weight to the opinion of her treating physician, Dr. Flowers. Specifically, Baker asserts the ALJ did not consider the numerous factors

listed in 20 C.F.R. § 416.927 before determining that Dr. Flowers' opinion did not deserve controlling weight. Although not specifically identified, it appears Baker's argument involves a Diabetes Mellitus Functional Capacity Questionnaire that Dr. Flowers completed in April 2009 wherein she said Baker was incapable of performing even low stress jobs. The ALJ stated:

> In April 2009, Dr. Flowers completed a diabetes mellitus residual functional capacity questionnaire (Exhibit 13F). Dr. Flowers offered a good prognosis, buy [sic] noted symptoms of fatigue, general malaise, difficulty walking, and dizziness/loss of balance. Among the limitations set forth in the questionnaire, Dr. Flowers opined that the claimant was incapable of even 'low stress' jobs because of shortness of breath and swelling, and would be absent from work about 3 days per month. I am not persuaded by Dr. Flowers' opinion, as it is conclusory in nature and is in stark contrast to the objective medical evidence of record. While the claimant endorsed various symptoms, there is no evidence of persistent and chronic limitations associated with her conditions. She has never required emergency treatment or admission to a hospital. Accordingly, I do not assign it the controlling weight ordinarily assigned to a treating physicians [sic] report commenting on the claimant's abilities (20 C.F.R. §416.927). Nevertheless, Dr. Flowers' observations and findings are not ignored and have been carefully considered in providing insight as to functional ability and how they affect the claimant's ability to work (20 C.F.R. § 416.913(d)(1)).

(AR 16)

When a treating physician's opinion is not given controlling weight, the Commissioner must look to various factors in determining what weight to accord the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, whether the treating physician provides support for his findings, whether other evidence in the record is consistent with the treating physician's findings, and the treating physician's area of specialty. 20 C.F.R. § 416.927(d)(2). The Regulations further provide that the Commissioner "will always give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." *Id.* Inconsistency with other evidence alone is sufficient to discount a treating physician's opinion. *Goff v. Barnhart,* 421 F.3d 785, 790–91 (8th Cir.2005).

After careful review of the ALJ's decision, the Court finds the ALJ considered the evidence as a whole and explained his reasons for discounting Dr. Flowers' medical opinion. He cited Dr. Flowers' treatment of Baker during the relevant period, referencing office visits and progress notes from May 2007 through October 2007 and from May 2008 through March 2009. (Tr. 16, 241-52, 277-80) The ALJ recognized Baker had received treatment from other physicians as well. (Tr. 15) He noted Baker had been treated conservatively which lent less credibility to her complaints of disabling impairments. When she was admitted to the hospital in May 2007 after having been bitten by an insect or spider, Baker reported she normally does "very well" with her diabetes. (Tr. 251) However, the record indicates and the ALJ noted evidence of non-compliance with treatment. (Tr. 15, 197, 229, 235)

At the ALJ's request, Dr. Atiya Waheed performed a consultative examination of Baker on December 13, 2007. Dr. Waheed reported a past medical history positive for diabetes since age 17, swelling feet, shortness of breath, congestive heart failure, right leg and knee pain, numbness, tingling, and cramping in her hands. (Tr. 254) Dr. Waheed found Baker had no evidence of a serious mood disorder and no muscle weakness, atrophy, or sensory abnormalities. (Tr. 257-58) Baker had normal straight leg raises and normal ranges of motion in her back and extremities except for a slightly reduced range of motion in her hips and knees. (Tr. 256)

The ALJ considered a Physical Residual Functional Capacity Assessment form completed on December 14, 2007, by Dr. Hicks, a non-examining medical consultant with the State of Arkansas Disability Determination for Social Security Administration. (Tr. 261-68) Dr. Hicks found Baker was capable of performing medium exertion work, and indicated no postural, manipulative, visual, communicative, or environmental limitations. (Tr. 261-68) The ALJ gave Dr.

Hicks' opinion diminished weight, saying that Dr. Hicks did not have significant medical evidence available to him and that Hicks failed to adequately consider Baker's subjective complaints or the combined effect of her impairments. (Tr. 17)

The ALJ considered the fact that Baker enrolled in junior college in 2007, after alleging disability since February 2006. (Tr. 15, 128, 251) He also considered the limited part-time work Baker performed in 2007, 2008, and 2009 as a housekeeper and childcare worker, (Tr. 11) and Baker's admission that she gets her children ready for school and otherwise cares for them, prepares meals daily, and does housework. (Tr. 137-39) Baker said she went outside every day, shopped for groceries and clothes a couple times a month, went to church weekly, and managed her own finances. (Tr. 140-141) Her treatment records reveal she remained "very mobile" and was "constantly on the go" after her alleged disability onset date.[3]

The Court finds that after considering the evidence as a whole, the ALJ provided good reasons for the weight he gave Dr. Flowers' opinion. The Court further finds that there is substantial evidence on the record as a whole to support the ALJ's decision.

E. New Evidence Before Appeals Council

Having found the ALJ's decision is supported by substantial evidence, the Court now considers whether the ALJ's decision is supported by substantial evidence on the record as a whole, including the new evidence. *Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007).

Baker submitted additional notes from Dr. Flowers. (Tr. 287-296) Dr. Flowers referred Baker to Dr. Alsebai, a rheumatologist. He reported on November 2, 2009, that Baker's symptoms

---

[3] When being treated for a foot infection in July 2007, the physician noted that Baker alienated home health agencies because she was rarely at home to receive the treatment set up for her. Baker explained she was always on the go with her three children and that being a single mother requires her to be very mobile. (Tr. 237)

were "probably consistent with fibromyalgia." (Tr. 300 ) He suspected that her paresthesias of the upper and lower extremities "could be resulting from diabetes neuropathy versus other causes." *Id*. Dr. Alsebai found Baker had an elevated sedimentation rate, and an abnormal CT scan of her chest. He said "[i]nfection and malignancy needs to be ruled out." *Id*. He prescribed Gabapentin for pain and ordered numerous tests. (Tr. 301) Baker also submitted a psychiatric evaluation from the Southeast Arkansas Behavioral Healthcare System dated November 23, 2009, stating Baker had an adjustment disorder with depressed mood and a GAF of 45. (Tr. 310) The doctor increased Baker's Zoloft prescription on that date as well. Baker returned for mental treatment on December 21, 2009, and the staff psychiatrist noted they discussed her depression and continued her medication. (Tr. 303-305) Baker argues this new and material evidence is particularly significant because the ALJ found Baker's "situational anxiety" not to be severe at step two. (Tr. 12-13)

> The ALJ found that Baker's
>
> medically determinable mental impairment of situational anxiety does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere. The claimant has never sought, nor received, mental health treatment for any psychiatric condition. Her treating physician offered a diagnosis of situational anxiety after she complained of family issues surrounding her son. Notably, she testified at hearing that the problems with her son have since been resolved. Although she testified to occasional panic attacks and difficulty concentrating, there is no objective evidence to support her allegations.

(Tr. 12)

Evidence is material when it relates to the claimant's condition for the time period for which benefits were denied, and not to "after-acquired conditions or post-decision deterioration of a preexisting condition." *Bergmann v. Apfel,* 207 F.3d 1065, 1069–70 (8th Cir. 2000). The Commissioner argues that these diagnoses from after the relevant period do not establish that Baker had additional limitations during the relevant period. Further, a mere diagnosis of an impairment

does not establish a disabling impairment or even a significant impact on that person's functional capacity. *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988)(diagnosis of major depression does not automatically mean claimant is disabled). The focus is on functional limitations rather than diagnosis. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990) (depression not necessarily disabling; issue is functional limitations caused by emotional difficulties).[4]

**IV.     Conclusion**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., *Mapes v. Chater,* 82 F.3d 259, 262 (8th Cir.1996); *Pratt v. Sullivan,* 956 F.2d 830, 833 (8th Cir.1992). The Court finds that the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994). The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales,* 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart,* 372 F.3d 946, 950 (8th Cir.2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final determination of the Commissioner be affirmed and that Baker's complaint be dismissed with prejudice.

DATED this 23rd day of September, 2011.

---

[4] If Baker's mental health has deteriorated, her remedy is to file a new application.

10

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE